Birdsall vs. Birdsall.

BIRDSALL vs. BIRDSALL.

*April 1 — April 19, 1881.*

PLEADING. *(1) Demurrer to one count, in civil action. (2) Complaint construed: Case taken out of Statute of Frauds.*

1. On demurrer to one of several counts of the complaint in a civil action, as not stating a cause of action, the court cannot look into the others to see whether all the counts together state only " one indivisible cause of action."

2. The complaint alleges that while plaintiff and his wife were engaged in a profitable business in another state, worth a specified sum per annum, defendant engaged plaintiff and his family to come to the city of Fond du Lac in this state, and promised to employ them there in a like business, and agreed that plaintiff should not be at any pecuniary loss by reason of such change; that in pursuance of such agreement plaintiff sold his property and business at a great sacrifice, and came to Fond du Lac; and that defendant refused to perform the agreement on his part, through no fault of plaintiff or his wife, to plaintiff's damage, etc. *Held,*

(1) That the contract was not within the statute of frauds, as it provided for immediate performance, and there had been part performance and pecuniary loss thereby, and an offer and readiness to perform by plaintiff.

(2) That the complaint states a cause of action in favor of the plaintiff alone (although the court might, on motion, have required it to be made more definite and certain), and to that extent the wife is not a necessary party.

APPEAL from the Circuit Court for *Fond du Lac* County.

Defendant appealed from an order overruling his demurrer to the third cause of action stated in the complaint. The substance of the complaint, and the grounds of demurrer, are stated in the opinion.

The cause was submitted on the brief of *De W. C. Priest* for the appellant, and that of *Giffin & Williams* for the respondent.

ORTON, J. The first count of the complaint is for the plaintiff's services from November 7, 1878, to July 25, 1879, and the second count for the services of his wife for the same time. The third count is, substantially, that prior to September, 1878, the plaintiff and his wife were engaged in a profitable business at Atlantic City, in New Jersey, worth $600 per year, and while so employed the defendant engaged the plaintiff and his family to come to the city of Fond du Lac, and promised to employ them in a like business at that place, and "agreed that the plaintiff should not be at any pecuniary loss by reason of his giving up his business at Atlantic City and engaging at once in the service of the defendant as aforesaid;" that in pursuance of such agreement the plaintiff sold his property and business in Atlantic City at great sacrifice, and arrived with his family in Fond du Lac on or about the 7th day of November, 1878, and were taken by the plaintiff to his house to perform said agreement; and that defendant failed and refused to perform said agreement on his part, through no fault of the plaintiff or his wife, by reason whereof the plaintiff has suffered damages of $500.

The defendant demurred to this third count on the grounds that it stated no cause of action, and that the plaintiff's wife should have been joined as a party plaintiff. The reasons for the first ground stated on the argument were — *first*, that the three counts stated one and an indivisible cause of action; and *secondly*, that the agreement was void by the statute of frauds.

Birdsall vs. Birdsall.

As to the first reason, on this demurrer to the third count alone, strictly, the court cannot consider or look into the first two counts, because not embraced within the demurrer. But, if we should consider them all together, they certainly do not show that they embraced parts of the same cause of action with the third; for we do not know what specific damages are claimed for the breach of the contract set up in the third count, and we do not know that the plaintiff might not prove under said count damages by way of loss in his business and property and expenses of removal not included in the first two counts. The contract is certainly not within the statute of frauds, because there has been part performance and pecuniary loss thereby suffered, and an offer and readiness to perform the rest of the contract by the plaintiff, and the time of performance was immediately.

This count is certainly very vague and uncertain, and might have been ordered to be made more definite and certain on motion; but we think it substantially states a good and separate cause of action.

As to the second ground of demurrer, we can scarcely say whether the plaintiff has stated any damages to himself on account of the non-employment of his wife by the defendant, in violation of his contract, or not, and we need not say, in disposing of this ground of the demurrer, whether, even if it does, the plaintiff's wife should be joined; for this count shows a good cause of action of the plaintiff alone for his loss and damages by the sacrifice of his business and property, and by the expenses of his removal and failure of employment; and, to that extent at least, it is not liable to the demurrer.

*By the Court.*— The order of the circuit court overruling the demurrer is affirmed, and the cause remanded for further proceedings according to law.